**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUL 17 2006

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES CHRISTOPHER GULAS,

    Plaintiff,

vs.    CIVIL NO. 06-340 JH/LFG

SHERIFF OF BERNALILLO COUNTY, et al.

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING LIMITED WAIVER OF COSTS AND DISMISSING LAWSUIT WITHOUT PREJUDICE

### Waiver of Filing Fee

Plaintiff Charles Christopher Gulas ("Gulas") seeks the Court's order authorizing him to proceed with this litigation without the payment of costs or fees. The *in forma pauperis* statute, 28 U.S.C. § 1915 authorizes a court to waive those fees. The intent of this statute is to facilitate access to courts and to guarantee that "no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States solely because . . . [lack of funds] makes it impossible for him to pay or secure the costs [of litigation]." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342, 69 S. Ct. 85, 90 (1948).

Gulas submitted an affidavit indicating that he is indigent. Based on Gulas' affidavit, the Court will authorize the filing of his Complaint for damages without the payment of a filing fee.

### *Sua Sponte* Analysis of Complaint

While Congress removed barriers to court process for indigents by enacting the *in forma pauperis* statute, it also recognized that "a litigant whose filing fees and court costs are assumed by



the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989); Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733 (1992).

In response to this congressional concern, courts are specifically authorized to review an *in forma pauperis* complaint and to dismiss the complaint "if the court determines that . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). Accordingly, a court may conduct a *sua sponte* review of a complaint pursuant to this section, and may dismiss the complaint if it is patently obvious that the plaintiff cannot prevail on the facts alleged. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In reviewing a *pro se* complaint, the court applies the same legal standards applicable to pleadings drafted by counsel, but remains mindful that a *pro se* complaint must be liberally construed. Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992). It is with these standards in mind that the Court reviews Gulas' Complaint for damages.

In this case, the Court notes numerous deficiencies in the pleadings. A portion of Gulas' lawsuit, specifically, sub-section C, paragraph 10, raises issues of alleged unconstitutional deprivations occurring while an inmate in a California prison. Gulas states, in part:

> Plaintiff was taken to the Federal Building in Sacramento, where he remained for five hours. Plaintiff was taken to the Sacramento County Jail, where he was confined. For approximately one month, at which time Plaintiff was not assigned counsel nor actively prosecuted for any crime. Plaintiff's case trailed week after week until Plaintiff was coincidentally seen in court by Deputy District Attorney Noah Phillips, who then filed new charges against Plaintiff.

\* \* \*

> This lawsuit seeks to have defendants' delay in bringing plaintiff before the court, delay in releasing Plaintiff, and deprivation of Plaintiff's right to access legal counsel, declared unconstitutional and enjoined. This lawsuit also seeks compensatory damages for plaintiff, a victim of these unconstitutional practice[sic].

(Complaint, p. 5).

To the extend Gulas seeks to redress unconstitutional deprivations allegedly visited on him while confined in a California penitentiary, he has chosen the wrong forum. The alleged acts did not occur in this district; they did not and, indeed, could not have occurred while Gulas was in New Mexico; and, this Court would have no jurisdiction over California actors. This Court, of course, lacks jurisdiction over those matters. Moreover, the New Mexico Defendants played no role in the conditions encountered by Gulas in California. Thus, Gulas' Complaint, in that respect, fails to state an actionable cause in this district. *See*, Fed. R. Civ. P. 12(b)(6).

Gulas' Complaint is deficient in other areas as well. Many of his allegations deal with terms and conditions of confinement. He alleges that he was taken into custody and detained by the Sheriff of Bernalillo County, where he was "kept in secure custody in the Bernalillo County Security Center 4 Days before being brought before the District Court for arraignment." (Complaint, p. 4). He alleges that after his court appearance, he "was then taken to Bernalillo County Detention Center, where he remained for 2 days without telephone contact or legal counsel." (Id.) He contends he was "transported to West Side in Albuquerque, where Plaintiff remained for 10 days without use of the telephone and without legal counsel" and "was then transported back to Bernalillo County Detention Center, where he remained for 31 hours without telephone contact and without legal counsel." (Id.).

Gulas complains of being forced to dress in prison garb rather than his personal clothing, of having his legal papers thrown away, being kept in isolation and not being given a shower or access

3

to legal counsel, and only being allowed to place a three-minute phone call on the third day of confinement.

Because Gulas' claims involve jail/prison conditions, the Complaint is governed by provisions of the Prison Litigation Reform Act ("PLRA"). The PLRA provides in pertinent part that, "[N]o action shall be brought with respect to prison conditions" until a prisoner exhausts his administrative remedies. 42 U.S.C. § 1997(e)(a) (amended by Public Law 104-134, Title I, § 101(a), 110 Statutes 1321-71 (1996); Steele v. Federal Bureau of Prisons, 355 F.3d 1204 (10th Cir. 2003), *cert. denied* 543 U.S. 925 (2004).

In Steele v. Federal Bureau of Prisons, the Tenth Circuit adopted a requirement announced in Baxter v. Rose, 305 F.3d 486, 490 (6th Cir. 2002), and stated:

> We agree with the Sixth Circuit that--"[t]he PLRA established a *unique* procedure under which the court, not the parties, is required to evaluate whether a claim on which relief may be granted is stated. Unlike in typical litigation, courts discharging their screening duties under the PLRA must not wait until the complimentary rules of civil procedure, such as civil discovery or responsive motions, are implemented by the defendant. While the Federal Rules of Civil Procedure shift the burden of obtaining clarity to the defendant, the PLRA shifts the burden to the courts."

Id. at 1211.

In accord with the obligation imposed by the PLRA, the Court concludes that much of the Complaint deals with jail/prison conditions, and Gulas candidly admitted on page 6, ¶ E, 16, that he has not exhausted administrative remedies. He states, "Plaintiff has not previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C and D." Indeed, nowhere in the Complaint does Gulas assert that he exhausted administrative responsibilities as required by the PLRA. "[R]esort to a prisoner grievance process must precede

4

resort to a court." Id. at 1207. "A complaint 'that fails to allege the requisite exhaustion or remedies is tantamount to one that fails to state a claim . . . .'" Id. at 1210. Accordingly, Gulas' Complaint fails to withstand scrutiny under 12(b)(6).

Finally, a review of Gulas' Complaint shows internal inconsistencies. He contends, for example, that he was transported to Sacramento, California without any valid demand by the State of California and with his consent. (Complaint, p. 3, ¶ B, 9.) Yet, in other portions of his complaint, he alleges "Plaintiff signed an agreement to be extradited to California within 10 days in disposition of the body attachment issued by Sacramento County." (Complaint, p. 4, ¶ C, 10). He alleges illegal and unconstitutional detention "by failing to provide him with an attorney and his right to file a writ of habeas corpus." (Complaint, p. 3, ¶ B, 9). Yet, later in his Complaint, he acknowledges that he was "brought before the District Court for arraignment." At his arraignment, he would have been apprised of the demand for his return, his right to counsel, and right to file a petition for writ of habeas corpus. Nowhere in the Complaint does Gulas contend that he requested counsel, but was denied an attorney or that he requested an opportunity to file a petition for writ of habeas corpus, but was denied the opportunity to file a petition.

The Court is unable to ascertain if all of the deficiencies can be cured by filing an amended complaint. Some, for example, cannot. If Gulas failed to exhaust administrative remedies, his claims attacking conditions of confinement cannot proceed. Steele v. Federal Bureau of Prisons. Other matters, however, may simply be poor draftsmanship. In any event, the Court determines that Gulas' Complaint fails to meet the pleading requirements of Rule 12(b)(6).

IT IS ORDERED:

1. As Gulas is indigent, the Court grants him *in forma pauperis* status and authorizes the filing of his Complaint without prepayment of costs.

2. The Court denies the request to have the United States Marshal serve the Complaint.

3. The Court concludes that Gulas' Complaint fails to withstand scrutiny under Fed. R. Civ. P. 12(b)(6), and the Complaint is dismissed without prejudice.

_____
United States District Judge