**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CHARLES CHRISTOPHER GULAS,

           Plaintiff,

v.                                        No. CIV 06-340 JH/LFG

DARREN WHITE, Sheriff of
Bernalillo County, *et al.,*

           Defendants.

**MAGISTRATE JUDGE'S ANALYSIS
AND RECOMMENDED DISPOSITION**[1]

**Introduction**

THIS MATTER is before the Court on Plaintiff Charles Christopher Gulas' ("Gulas") Motion

for Leave to File Fourth Amended Complaint, filed April 29, 2008.  [Doc. Nos. 48, 49, 50.]  On May

9, 2008, Defendants Lane Blair and Corrections Corporation of America ("CCA")[2] filed a response

in opposition to Gulas' motion for leave to file an amended complaint.  [Doc. 59.]  Also on May 9,

2008, Defendant Darren White ("White") filed a notice of adoption of the response filed by

---

[1]On May 29, 2008, the Honorable Judith Herrera issued an Order of Reference [Doc. 65] referring this motion, under 28 U.S.C.§ 636(b)(1)(B), to the undersigned magistrate judge to submit proposed findings of fact and a recommendation for disposition.  In accordance with 28 U.S.C. § 636(b)(1)(C), a party may file written objections to such findings and recommendations.  Any such objections must be filed within ten (10) days after a party is served with a copy of these findings and recommendations if that party wants to have appellate review of the findings and recommendations.  If no objections are filed, no appellate review will be allowed.

[2]Plaintiff should correct the case caption to reflect "Corrections Corporation of America" rather than "Correctional Corporation of America" as a defendant.

Defendants Blair and CCA, and included brief argument as to White's position.  [Doc. 61.]  On May 23, 2008, Gulas filed a Reply.  [Doc. 64.]  Thus, the motion is fully briefed and ready for resolution.[3]

## Procedural Background

On April 24, 2006, Gulas, acting *pro se*, filed the first civil rights complaint in this case.  [Doc. 1.]  On June 19, 2006, Gulas filed a first amended civil rights complaint before any defendant had been served with the original complaint or had filed a responsive pleading.  [Doc. 2.]  On July 17, 2006, the Court dismissed the case, without prejudice, based on pleading deficiencies and concerns of whether Gulas had exhausted administrative remedies.  [Doc. 5.]  After dismissal of the case, on August 21, 2006, Gulas filed a Second Amended Complaint, in an attempt to correct some of the deficiencies identified in the Court's July 17, 2006 Order.  [Doc. 6.]  On October 10, 2006, Defendant White filed an answer to the Second Amended Complaint.  [Doc. 8.]

On October 24, 2006, the Court again dismissed the lawsuit, without prejudice, concluding that the Court's July 17, 2006 Order had dismissed the lawsuit, and that there were no complaints to amend.  Thus, Gulas was advised that he had the option of filing a new lawsuit, but not an amended complaint in the present lawsuit.  [Doc. 9.]

On November 20, 2006, Gulas filed a notice of appeal from the Court's decisions.  [Doc. 10.]  On October 16, 2007, the Tenth Circuit Court of Appeals reversed the dismissals of the first and second amended complaints and remanded for further proceedings.  [Doc. 13.]  On October 16, 2007, the case was re-opened.

---

[3]The parties are advised to file and serve a Notice of Completion of Briefing when briefing is completed on a motion in accordance with D.N.M. LR-Civ 7.3(b).

On October 22, 2007, Chief United States Magistrate Judge Lorenzo F. Garcia directed Gulas to file a Third Amended Complaint and ordered service of the summons and amended complaint. [Doc. 15.]  Judge Garcia's Order summarized what the Tenth Circuit required, i.e., that the court determine if Gulas was confined in a jail when he first filed the April 24, 2006, complaint; if he was confined, whether Gulas exhausted his prison administrative remedies before filing suit; and, if he was not confined in jail, whether his pleadings stated a claim.  Because the record was not entirely clear as to which defendants had been served with the Second Amended Complaint, the Court asked that a Third Amended Complaint be filed, which was to include an allegation of whether or not Gulas was confined on April 24, 2006.  [Doc. 15.]

On November 19, 2007, Gulas filed a Third Amended Complaint.  [Doc. 16.]  On December 4, 2007, Darren White filed an Answer.  [Doc. 17.]  However, service on the other Defendants had not been effected.  After a number of efforts to obtain the proper addresses and serve the other Defendants, CCA was served and, on February 25, 2008, answered the Third Amended Complaint. [Doc. 30.]

On February 22, 2008, Defendant White filed a notice of non-service on Defendants Hernandez and Unknown Deputies.  [Doc. 28.]  In the notice, counsel for Defendant White explained that some of the defendants whom Gulas sought to serve were City employees rather than County or Sheriff's employees.  However, the Third Amended Complaint did not name the City as a defendant.

After receiving the information that some of the named defendants might be City of Albuquerque employees, Gulas, still acting *pro se*,[4] filed a Fourth Amended Complaint, naming all of the previously named defendants and adding the City of Albuquerque as a defendant. [Doc. 31.] Because Gulas had not sought leave of the court to file the Fourth Amended Complaint, the Court struck the pleading. [Doc. 31, 32.]

At a telephone conference held March 20, 2008, counsel for CCA stated that he would accept service of process on behalf of Lane Blair. [Doc. 33-35.] Blair was served with the Complaint on April 15, 2008. [Doc. 39.] In lieu of filing an Answer, Defendant Blair filed a motion to dismiss, seeking to be dismissed from the case in its entirety.[5] In the motion to dismiss by Blair, CCA also argued that certain claims against it should be dismissed as well. [Doc. 60.] That motion is not fully briefed.

At this point, it appears that Gulas still seeks to serve the Complaint on Deputy Sheriff Hernandez, although it is not clear whether Hernandez is a City or County employee. Gulas also seeks to identify unknown correctional officers of CCA and unknown deputies of the Sheriff's Department or City.[6]

---

[4]Although no attorney had yet entered an appearance for Gulas, it was clear from the pleadings that Gulas was being assisted by someone in the legal field. Shortly thereafter, counsel entered an appearance on behalf of Gulas.

[5]There is some confusion in the pleadings with respect to the answer filed by Defendant CCA. On February 25, 2008, CCA filed an Answer to the Third Amended Complaint. [Doc. 30.] Yet, on April 18, 2008, CCA and Defendant Blair filed a motion for extension of time to respond to the Third Amended Complaint. [Doc. 42.] This motion was granted by the Court. [Doc. 43.] Then, on May 9, 2008, both CCA and Blair argued the Motion to Dismiss. [Doc. 60.] Thus, it appears that CCA answered the Third Amended Complaint, but that Defendant Blair filed a motion to dismiss in lieu of an answer. To the extent, Defendants can clarify this pleading question, they should do so in future pleadings regarding the motion to dismiss.

[6]If Gulas is unable to identify the unknown officers during discovery, they will be dismissed from the lawsuit.

4

**<u>Request for Leave to File Fourth Amended Complaint</u>**

Gulas' proposed Fourth Amended Complaint is similar to the Third Amended Complaint. The primary difference is that Gulas seeks to add as Defendants, the City of Albuquerque, Deputy Sheriff Hernandez (as a City employee), and unknown City officers. [Doc. 49, Proposed Fourth Amended Complaint, ¶¶ 8, 9, 10.] Gulas also added allegations of "cruel and unusual conditions of confinement" under his first cause of action, the § 1983 claim. [Proposed Fourth Amended Complaint, at ¶ 13.]

Gulas attempted to obtain consent from Defendants to file the Fourth Amended Complaint, but Defendants Blair and White would not agree to the filing of a Fourth Amended Complaint, without Gulas' agreement to dismiss Blair and White from the lawsuit. This would have left CCA as the remaining Defendant, along with any parties who might be served in the future. Gulas did not agree to dismiss the individual Defendants and thus, filed this opposed motion for leave to file the Fourth Amended Complaint. [Doc. 50, Affidavit of Gaspar Garcia, counsel for Gulas.]

Gulas argues first that the Court should not have stricken his Fourth Amended Complaint because leave of court is not necessary when the proposed amendment affects a defendant who has not yet answered, i.e., the City of Albuquerque or Deputy Hernandez. Gulas asserts that "[w]here only one of several codefendants has filed an answer or other responsive pleading, plaintiff may amend the complaint as a matter of course *as to those defendants who have not yet filed* responsive pleadings." [Doc. 49, p. 5.] In support of his position, Gulas relies on <u>Williams v. Board of Regents of Univ. System of Georgia</u>, 477 F.3d 1282, 1291-92 (11th Cir. 2007).

First, Rule 15(a) provides that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading . . . ." Fed. R. Civ. P. 15(a)(1)(A). Gulas' First

Amended Complaint [Doc. 2] was filed "as a matter of course" before any responsive pleadings had been filed. The Rule expressly contemplates an amendment of this nature "once." Thus, Gulas' Fourth Amended Complaint would be his second attempt to amend the pleading "as a matter of course." The express language of Rule 15(a) does not provide an automatic right to amend pleadings more than a single time. Thus, the Court rejects Gulas' argument that the Court should not have stricken his first attempt in filing the Fourth Amended Complaint.

Second, the Eleventh Circuit's decision in <u>Williams</u> is not binding on this Court and is not the law in this Circuit. The Court did not find any published opinions in the Tenth Circuit that addressed this same issue, nor did Gulas bring any such opinions to the Court's attention. Moreover, in <u>Williams</u>, the court allowed amendment of the pleadings in a case where all defendants were already in the case but where they had not all filed responsive pleadings. To permit Gulas to file an amended complaint "as a matter of course" under these circumstances, where the proposed amended complaint would add an entirely new party, would mean that he could file an opposed amended complaint adding new parties without ever seeking the Court's permission. Rule 15(a) simply does not contemplate this type of automatic right to amend pleadings.

### <u>Amendments to Pleadings Under Rule 15(a)</u>

The Court now examines whether Gulas should be permitted to file the proposed Fourth Amended Complaint. As stated above, Rule 15(a) governs amendments to pleadings before trial. If a party has already amended its pleading once as a matter of course, or a responsive pleading was filed, the party may amend the pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires."

6

"Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory movie, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Frank v. U. S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993). The Tenth Circuit held that untimeliness alone is sufficient reason to deny leave to amend, particularly where the moving party provides no adequate explanation for the delay. Pallottino v. City of Rio Rancho, 31 F.3d 1023, 1027 (10th Cir. 1994). Courts also properly deny a motion to amend if a plaintiff "is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, to present theories *seriatim* in an effort to avoid dismiss, or to knowingly delay raising an issue until the eve of trial." Minter v. Prime Equip. Co., 451 F.3d 1196, 1206 (10th Cir. 2006) (citations omitted).

Blair and CCA argue in their response to the motion to amend that Gulas' motion should be denied because it is futile. More specifically, they contend that the Third Amended Complaint fails to state a claim against Blair and that certain claims are deficient as directed at CCA. They assert that because the Fourth Amendment Complaint does nothing to cure those deficiencies, it would be futile and subject to dismissal. [Doc. 59.] Blair and CCA's related Motion to Dismiss is being briefed.

White makes a similar argument that the Third Amended Complaint does not state a claim against him or any other alleged Defendants employed by Bernalillo County because the Metropolitan Detention Center, at all pertinent time, was operated and managed by the City of Albuquerque. White further states that if Gulas does not agree to voluntarily dismiss any and all claims against White or County Defendants, White will file a motion for summary judgment. [Doc. 61.]

The Court recommends that Gulas be allowed to file the proposed Fourth Amended Complaint. Gulas acted in a timely manner once he learned, on about January 28, 2008, that the City

7

of Albuquerque was a proper defendant in this case.  Within a month after that date, he attempted to file the Fourth Amended Complaint, even though it was stricken by the Court.  On March 5, 2008, Gulas attempted to obtain consent from defense counsel to file the Fourth Amended Complaint, but consent was denied from mid-to-late March, 2008.  On April 4, 2008, the Court conducted a telephonic conference, during which the matter of the Fourth Amendment Complaint was discussed.  Because the parties could not agree as to the filing of the Fourth Amended Complaint, Gulas indicated he would seek leave from the Court to file the amendment.  His motion was filed on April 29, 2008.  Thus, the Court determines that there was not undue delay under the circumstances of this case.

With respect to the futility argument by Defendants, the Fourth Amended Complaint primarily seeks to add as Defendants the City of Albuquerque and City employees.  It does not attempt to add new claims against the earlier named Defendants.  The Court is not in the position to make determinations of whether Gulas' Fourth Amended Complaint fails to state a claim against White, Blair and CCA, without further briefing on these matters.  Moreover, the Court observes that  Blair and CCA have already filed a motion to dismiss to this effect.  White also is free to file a motion to dismiss or a motion for summary judgment, as is appropriate.

Finally, the Court observes that at this stage of the proceeding, there is little or no prejudice to Defendants in allowing the Fourth Amended Complaint.

**<u>Recommended Disposition</u>**

That Gulas Motion for Leave to File the proposed Fourth Amended Complaint (attached as

an exhibit to Document 49] be GRANTED, and that the Fourth Amended Complaint be filed no later

than ten days after the Court issues an Order Adopting the Recommendation and Allowing the

Amendment.


*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge