IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES CHRISTOPHER GULAS,

        Plaintiff,

v.                                                                         No. CIV 06-340 JH/LFG

DARREN WHITE, Sheriff of
Bernalillo County, *et al.,*

        Defendants.

**MAGISTRATE JUDGE'S ANALYSIS
AND RECOMMENDED DISPOSITION**[1]

**Introduction**

THIS MATTER is before the Court on a "Motion to Dismiss Defendant Lane Blair and Any Cause of Action for Unlawful Detention/False Imprisonment," filed by Defendants Lane Blair ("Blair") and Corrections Corporation of America ("CCA"). [Doc. 60.] The motion is fully briefed. [Doc. Nos. 63, 68, 70.] Blair asks that the Court dismiss him from Plaintiff Charles Christopher Gulas' ("Gulas") Third Amended Complaint[2] because the supervisory liability allegations fail to state

---

[1] On May 29, 2008, the Honorable Judith Herrera issued an Order of Reference [Doc. 65] referring this motion, under 28 U.S.C. § 636(b)(1)(B), to the undersigned magistrate judge to submit proposed findings of fact and a recommendation for disposition. In accordance with 28 U.S.C. § 636(b)(1)(C), a party may file written objections to such findings and recommendations. Any such objections must be filed within ten (10) days after a party is served with a copy of these findings and recommendations if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

[2] The Court filed recommendations that Gulas' motion for leave to file a Fourth Amended Complaint be granted. Objections were filed by Defendants, but the proposed Fourth Amended Complaint did not add any allegations against Blair. It primarily added new defendants.

a claim against Blair. In addition, CCA and Blair ask that any false imprisonment/wrongful detention claims be dismissed against Blair and CCA because CCA had consent and authority to justify Gulas' imprisonment. After careful consideration of the pertinent law and pleadings, the Court concludes that the motion to dismiss should be granted. If adopted by the District Court, the result of this ruling would be that Blair is dismissed from this action and that only claims regarding Gulas' conditions of confinement[3] at the CCA facility in Estancia, New Mexico would proceed against CCA.

## Background

For additional procedural background, the Court refers to its Recommendations filed May 30, 2006. [Doc. 66.]

The following allegations are taken from Gulas' Third Amended Complaint. On April 25, 2003, the Bernalillo County Sheriff arrested Gulas and placed him in custody in the Bernalillo County Security Center. [Doc. 16, ¶ 10(A)(1).] Gulas remained in custody four days before being arraigned before the District Court. On the fourth day, Gulas signed an agreement to be extradited to California "within 10 days in disposition of the body attachment issued by Sacramento County." Gulas was then taken to Bernalillo County Detention Center, where he remained for two days without telephone contact or legal counsel. Gulas was transported to the "West Side in Albuquerque," where he remained for 10 days, without a telephone or legal counsel. Gulas was then returned to the Bernalillo County Detention Center where he remained for 31 hours without telephone contact or legal counsel. Gulas was allegedly told that he would not be released until the 10th working day rather than within 10 calendar days. He was confined at Bernalillo County Security Center for two days and transported

---

[3] If permitted, the proposed Fourth Amended Complaint adds an allegation of "cruel and unusual conditions of confinement." It is unclear whether such a claim can survive based on the circumstances of this case, but Defendants may raise those issues in future motion practice, as appropriate.

to Santa Fe Mens Detention Center for 5 more days. Gulas was returned to Bernalillo County Detention Center to await release and was in a holding cell for five hours. Federal Marshals transported Gulas from Bernalillo County Detention Center to a federal holding tank located in a federal building in Albuquerque where he remained for two hours. Gulas was moved to the Torrance County Detention Facility ("TCDF") in Estancia, New Mexico, which is owned and operated by CCA. Blair was the warden of TCDF at the time Gulas was being held there. Blair was an employee of CCA, which is a corporation doing business in New Mexico, including the housing and detention of individuals charged with or convicted of crimes in New Mexico.

Gulas remained in the TCDF for 8 days. Bernalillo County agents and employees transferred Gulas to TCDF. Gulas was kept in isolation during part of his confinement in the TCDF. After eight days, he was taken to an airport in Albuquerque and then flown to Travis Air Force Base in Sacramento, California. Gulas was taken to the Sacramento County Jail where he was confined for about one month.

He contends that such detention and extradition, without judicial review were unconstitutional. He seeks a declaration that Defendants' delay in bringing him before the Court and in releasing him, along with the deprivation of legal counsel, were unconstitutional. He also seeks compensatory damages for alleged unconstitutional practices.

Gulas brings a claim of supervisory liability against Blair under 42 U.S.C. § 1983, and a claim of false imprisonment against CCA, Blair and unknown correctional officers of CCA.

## **Motion to Dismiss Legal Standard**

Defendants ask that certain claims be dismissed for failure to state a claim under Rule 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, the court "must accept all the well-pleaded allegations of the claim as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant." Bell Atlantic Corp. v. Twombly, ___U.S. ___, 127 S.Ct. 1955, 1965 (2007); Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007). The Court "look[s] for plausibility in th[e] complaint." Bell Atlantic Corp., 127 S.Ct. at 1970. To state a claim sufficient to survive a motion pursuant to Rule 12(b)(6), "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir .2008).

While now represented by counsel, the Third Amended Complaint was submitted by Gulas in a *pro se* capacity.[4] "Dismissal of a *pro se* complaint under Rule 12(b)(6) for failure to state a claim 'is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.'" Curley v. Perry, 246 F.3d 1278, 1281 (10th Cir.), *cert. denied,* 534 U.S. 922 (2001) (internal citation omitted). "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to plaintiff," but may disregard "conclusory allegations without supporting factual averments." Id. at 1109-1110.

---

[4]Even though Gulas was not represented by counsel when he filed the Third Amended Complaint, it is clear from the state of the pleadings that Gulas had assistance of counsel with all of the pleadings he filed before counsel entered an appearance. Nonetheless, the Court gives Gulas the benefit of the doubt and examines the Motion to Dismiss in light of Gulas' *pro se* status.

**I.       SUPERVISORY LIABILITY CLAIM AGAINST BLAIR**

Defendants argue that Gulas cannot maintain a § 1983 claim against Warden Blair for supervisory liability. Defendants assert that Gulas' complaint sets forth a claim against Blair based only on his alleged supervisory status over alleged actions by unknown correctional officers at TCDF. Gulas has not alleged any "hands-on" or personal involvement by Blair and thus, the claim of supervisory liability cannot survive the Rule 12(b)(6) motion.

The Court agrees. "[P]ersonal participation is an essential allegation in a § 1983 claim. Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996) (quotation omitted). "[T]here is no concept of strict supervisor liability under § 1983." Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996). "[S]upervisory liability will not arise upon the 'mere right to control employees.'" Eaton v. Whetsel, 2008 WL 2175358 at *2 (10th Cir. May 27, 2008) (internal citation omitted). While a supervisor might be held liable for injuries caused by the conduct of one of his subordinates, a party must allege and show fault on the part of the supervisor. Scull v. New Mexico, 236 F.3d 588, 600 (10th Cir. 2000).

In order to establish such a claim against a supervisor, a plaintiff must first show the supervisor's subordinates violated the constitution. Then, the plaintiff must show an "affirmative link" between the supervisor and the violation, "namely the active participation or acquiescence of the supervisor in the constitutional violation by the subordinates." Serna v. Colo. Dep't of Corrections, 455 F.3d 1146, 1151-52 (10th Cir. 2006) (*citing* Holland v. Harrington, 268 F.3d 1179, 1187 (10th Cir. 2001)). "[A] plaintiff must demonstrate that the supervisor acted knowingly or with 'deliberate indifference' that a constitutional violation would occur." Id. (internal citations omitted).

In other words, mere negligence is not enough to hold a supervisor liable for the acts of his subordinates.

Even under a liberal construction of Gulas' Third Amended Complaint, Gulas did not state a claim against Warden Blair. The Third Amended Complaint barely mentions Blair and never alleges that he personally participated in any alleged constitutional violation. There is absolutely no allegation of an "affirmative link" between Blair and an alleged constitutional violation. Moreover, there is no showing that Blair acted "knowingly" or with "deliberate indifference" with respect to any alleged acts taken during Gulas' incarceration at TCDF. Merely being in the chain of command is insufficient. *See* Jenkins, 81 F.3d at 994-95 (defendants' role must be more than one of abstract authority over individuals who actually committed a constitutional violation).

Gulas' brief in opposition to the motion to dismiss is not helpful. First, counsel for Gulas argues that a "different standard should apply to private company employees than to government officials" when examining supervisory liability under § 1983. Notably missing from this argument is supporting legal authority. In contrast, Defendants provided citations to a number of cases showing that the same legal standard applies to a private and governmental supervisors, with respect to § 1983 supervisory liability claims. *See, e.g.,* Cole v. CCA, 2007 WL 2248169 at *5 (W.D. Okla. Aug. 2, 2007) (examining same standard regarding private entity supervisors and finding no personal participation by the defendants); Maddle v. Correctional Med. Servs., Inc., 2008 WL 839715 at *9 (M.D. Tenn. Mar. 26, 2008) ("a private company, even if deemed to be acting under color of state law for the purposes of § 1983, cannot be held vicariously liable for the actions of its employees on a *respondeat superior* basis for the purpose of assessing liability under § 1983").

Second, Gulas proceeds at length concerning whether there are allegations that a policy or custom existed that might hold a municipality liable under § 1983.[5] This simply does not pertain to the issue regarding possible supervisory liability of Warden Blair. Counsel argues in the brief that CCA and Blair executed a policy or custom that injured Gulas, but the argument is unsupported and conclusory. Moreover, there are no such allegations in the Third Amended Complaint (nor in the proposed Fourth Amended Complaint).

Third, a significant portion of Gulas' opposition brief is devoted to argument and case law concerning a defense of qualified immunity. Defendants did not move to dismiss on grounds of qualified immunity, and therefore, Gulas' arguments seeking to challenge qualified immunity are neither helpful to the Court's resolution of the current motion nor germane.

The Court "presume[d] all of [Gulas'] factual allegations are true and construe[d] them in the light most favorable to [Gulas]. However, even in doing so, the allegations do not plausibly state a claim against Blair for supervisory liability. Thus, the Court recommends that the supervisory liability claim against Blair be dismissed, without prejudice.[6]

---

[5]The lengthy single-spaced quotations of case law are similarly of little or no assistance to the Court. The Court can obtain and review the case law if it is cited in support of a proposition. It is not necessary to provide long paragraphs of courts' opinions in briefing. [Doc. 63, p. 4, 6-12.] Indeed, Gulas' brief consists more of quotations from case law than it does persuasive argument, making it difficult to determine what arguments Gulas actually raises.

[6]Generally, motions to dismiss are without prejudice unless there are no other plausible claims or theories that could be asserted. Based on a review of the present pleadings, it is unlikely that Mr. Gulas could plead an actionable claim. However, because we are the pleading stage, the Court recommends that the dismissal be without prejudice.

## II. UNLAWFUL DETENTION/FALSE IMPRISONMENT

The Third Amended Complaint alleges that CCA, the warden and unidentified agents and employees of TCDF confined Gulas "without his consent and without lawful privilege." Gulas further alleges that the defendants "had no authority to confine him because neither the State of New Mexico nor the State of California provided the defendants with any paperwork to justify his incarceration." Gulas asserts that as a result of false imprisonment, he suffered emotional distress and loss of freedom. [Doc. 16, ¶¶ 11-14.]

Defendants argue that there is no "plausible allegation" that Gulas' detention was without consent or with Defendants' knowledge that it was unlawful. Second, Defendants assert that the facts as alleged do not constitute violations of the Uniform Criminal Extradition Act ("UCEA") or the Constitution. Third, Gulas was extradited within the thirty-day period provided by statute.

The Court agrees that there is no plausible allegation that Gulas' detention was without consent or that it was unlawful. Gulas himself alleges in the Third Amended Complaint that he was arrested. [Doc. 16, ¶ 10.] He does not raise a wrongful arrest claim nor does he allege that his arrest was unlawful. For example, he does not assert that there was an arrest without a warrant or a lack of probable cause to arrest him. Gulas does not allege a violation of his constitutional right to be free from unlawful arrest. Moreover, he was held in custody at TCDF after a court appearance and arraignment.

To assert a state law claim of false imprisonment against Blair or CCA, Gulas would need to show that (1) "[TCDF] intentionally confined or restrained him without his consent and (2) [TCDF] knew that they had no lawful authority to do so." Scull, 236 F.3d at 599 (internal citation omitted).

There simply are no such allegations made by Gulas.  He does not challenge the arrest or probable cause for the arrest.

Indeed, Gulas admits in his complaint that he signed an agreement to be extradited to California, which implies that he knew he was wanted for some type of alleged criminal activity in California.  Moreover, Defendant attached a single exhibit to their reply brief of a "Waiver of Extradition" signed by Gulas in Metropolitan Court, dated April 29, 2003. [Doc. 70, Ex. A.]  This form confirms Gulas' knowledge that he had been arrested and that the State of California sought to proceed with criminal proceedings against him in California.  The Waiver form states that Gulas freely and voluntarily admitted that he was the:

> identical person against whom a criminal proceeding charging me with stalking w/intent to cause fear, vandalism, violation of court order has been initiated in the county of Sacramento, State of California, and I further freely voluntarily without threats or promises of reward agree to return to that county and state, without legal process.
>
> I further acknowledge that I will be held without bond while awaiting the agent of the demanding state to take me into custody.
>
> I further acknowledge that I have been informed of my rights to legal counsel, to require the issuance and service of a warrant of extradition as provided in § 31-4-22 NMSA 1978 and my right to contest said warrant of extradition through a writ of habeas corpus as provided in § 31-4-10 NMSA 1978.

[Doc. 70, Ex. A.][7]  The waiver form was signed by Gulas, an attorney for the state and by Mr. Gulas' own defense attorney.  In addition, the Metropolitan Court Judge signed the form certifying that it

---

[7]The Court's consideration of the waiver form does not convert Defendants' motion to dismiss into a motion for summary judgment.  Documents that are incorporated into the complaint (*e.g.,* Gulas' reference to an extradition agreement) and matters which the Court may judicially notice like state court pleadings do not convert a motion to dismiss into a Rule 56 motion.  Tellabs, Inc. v. Makor Issues & Rights, Ltd., __ U.S. __, 127 S. Ct. 2499, 2509 (2007); Pace v. Swerdlow, 519 F.3d 1067, 1072-73 (10th Cir. 2008) (courts may take judicial notice of matters in state court file without converting Rule 12(b)(6) motion in to Rule 56 motion).

9

was executed in the judge's presence and that Gulas was informed, *inter alia*, of his rights concerning extradition.

Based on the Third Amended Complaint and allegations and the extradition waiver form signed by Gulas, it is implausible that TCDF or Warden Blair falsely imprisoned Gulas or wrongfully detained him. Gulas was arrested, arraigned, and agreed to be extradited. Thus, it simply cannot be said that CCA and Blair unlawfully detained him after arraignment and before extradition. The allegations belie that Gulas was held without his consent and that he was detained unlawfully by TCDF.

### Recommended Disposition

The Court recommends that all claims against Defendant Blair be dismissed, without prejudice. The Court also recommends that the wrongful detention or false imprisonment claim, as asserted against Defendants CCA and Blair, be dismissed. The result is that Defendant Blair would be dismissed altogether from this lawsuit, and that any claims by Gulas relating to conditions of confinement at TCDF proceed as asserted against CCA.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge