IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES CHRISTOPHER GULAS,

      Plaintiff,

vs.                                                                          No. CIV 06-340 JH/LFG

DARREN WHITE, SHERIFF OF BERNALILLO
COUNTY, in his individual and official capacity;
LANE BLAIR, WARDEN OF THE TORRANCE
COUNTY DETENTION FACILITY, in his individual
and official capacity; UNKNOWN DEPUTIES OF THE
BERNALILLO COUNTY SHERIFF'S DEPARTMENT;
UNKNOWN CORRECTIONAL OFFICERS OF THE
CORRECTIONS CORPORATION OF AMERICA, in
their individual and official capacities; CORRECTIONS
CORPORATION OF AMERICA, INC.; UNKNOWN
CORRECTIONAL OFFICERS OF THE CITY OF
ALBUQUERQUE; CORRECTIONAL OFFICER
HERNANDEZ OF THE CITY OF ALBUQUERQUE,
individually and in his official capacity,

      Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION AND DISMISSING CERTAIN CLAIMS AND PARTIES

THIS MATTER came before the Court on the Magistrate Judge's Analysis and Recommended Disposition [Doc. 73], filed June 19, 2008. Plaintiff Charles Christopher Gulas ("Gulas") filed Objections [Doc. 80] to the recommendations, and Warden Lane Blair ("Blair") and Corrections Corporation of America (CCA) filed a Response to Plaintiff's Objections [Doc. 81]. The Court conducted a *de novo* review of those portions of the Magistrate Judge's findings and recommended disposition to which Plaintiff objects. The Court overrules the objections and adopts

the Magistrate Judge's recommendations.

Factual and Procedural Background

On May 29, 2008, the Court entered an Order [Doc. 65] referring two motions for analysis and recommended disposition by a Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). The two motions were Gulas's Motion for Leave to File Fourth Amended Complaint [Doc. 48] and Defendants' Motion to Dismiss Defendant Lane Blair and Any Cause of Action for Unlawful Detention / False Imprisonment [Doc. 60], filed by Blair and CCA.

On June 19, 2008, the Court adopted the Magistrate Judge's recommendation that Gulas's request to file an amended complaint be granted, and the Fourth Amended Complaint [Doc. 75] was filed on June 24, 2008.

On July 2, 2008, the Court entered an Order [Doc. 77] clarifying certain substantive and procedural matters arising from the filing of the Fourth Amended Complaint. In that Order, the Court held, *inter alia*, that the Motion to Dismiss filed by Blair and CCA, which was directed to the Third Amended Complaint, would not be affected by the filing of the Fourth Amended Complaint, as the new pleading makes no change in any allegations related to Defendants Blair and CCA. The Court further extended for an additional ten days the period for filing objections to the Analysis and Recommended Disposition regarding the Blair/CCA Motion to Dismiss. [Doc. 77, at 2-3]. Gulas's Objections and Defendants' Response thereto were timely filed.

Claims Against Defendant Blair

In his Objections, Gulas argues that a different standard should apply to employees of private contractors such as CCA than to government officials, with respect to the requirement of personal involvement. This proposition is rejected; the standard of "personal involvement" or "affirmative link" applies equally to a warden of a privately operated prison and to a warden of state-run facility.

2

*See, e.g.*, <u>Sutton v. Corrections Corp. of America</u>, No. 06-CV-01606-DME-KLM., 2008 WL 2797008, at *6 (D. Colo. July 17, 2008); <u>Cole v. Corrections Corp. of America</u>, No. CIV-06-1115-F, 2007 WL 2248169, at *5 (W.D. Okla. Aug. 2, 2007).

Here, Gulas simply failed to allege any personal participation or acquiescence by Defendant Blair in the alleged violations of Gulas's constitutional rights, and the claim against Blair must therefore be dismissed. <u>Mitchell v. Maynard</u>, 80 F.3d 1433, 1441 (10th Cir. 1996); <u>Serna v. Colorado Dep't of Corrections</u>, 455 F.3d 1146, 1151-52 (10th Cir. 2006).

Gulas seems to argue that he intended to include an allegation of supervisory liability for implementing a policy of deliberate indifference for action taken by subordinates, or perhaps for failing to implement a policy, or having a constitutionally defective policy. [Doc. 80, at 3]. He further asserts that, "[a]lthough not specifically pled, an amendment can cure this defect." [<u>Id.</u>, at 4]. Gulas does not present, nor does he even claim to have, any evidence to support such a claim. Rather, counsel seem to assume they can simply continue to amend the complaint as allegations occur to them, or as defects in the pleadings are pointed out by opposing parties. Parties and counsel are reminded of their obligations under Fed. R. Civ. P. 11, and of the requirement that a plaintiff seeking to defeat a motion to dismiss must "identify . . . facts that are suggestive enough to render . . . plausible" his legal theories; "a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atlantic Corp. v. Twombly</u>, __ U.S. __, 127 S. Ct. 1955, 1965 (2007).

Gulas has already had four opportunities to state a claim against Defendant Blair under Section 1983. and he failed to do so. This is not a *pro se* situation any longer; Gulas is now represented by counsel, and the "liberal construction" rule does not apply. To the extent Gulas's objections constitute an implicit, or explicit, request that he be allowed to file a Fifth Amended Complaint, that request is denied.

3

The Court finds that Gulas failed to plead sufficient facts in his complaint which meet the plausibility standard of <u>Bell Atlantic Corp. v. Twombly</u>, *supra*, with respect to his claims against Defendant Blair.

<u>Claims for False Imprisonment Against CCA and Blair</u>

Gulas also objects to the Magistrate Judge's recommendation that his claims against CCA for false imprisonment or unlawful detention be dismissed.[1]

A cause of action for false imprisonment includes a lack of consent by plaintiff to the detention, and defendant's knowledge of lack of lawful authority to detain plaintiff.  <u>Santillo v. New Mexico Dep't of Pub. Safety</u>, 143 N.M. 84, 173 P.3d 6, 10 (Ct. App. 2007).

The Magistrate Judge found that Gulas was lawfully arrested, was held in custody at the CCA facility after a court appearance and arraignment, and that he signed a Waiver of Extradition in which he explicitly consented to be held in lieu of formal extradition, after a judge advised him of his rights.  He was thereafter detained at the Torrance County Detention Center, operated by CCA and Warden Blair, and was transferred to California before expiration of the statutory 30-day period for extradition.  Thus, the Magistrate Judge found, Gulas has no claim against these Defendants for false imprisonment.  The recommendation was that this claim be dismissed.

The Court adopts this finding and recommendation.  Gulas consented to waive his right to formal extradition in a document signed by himself, his attorney, an assistant district attorney, and Metropolitan Court Judge Sedillo, before whom he appeared in Metropolitan Court.  Gulas could have insisted on formal extradition, and he could have contested any warrant of extradition through writ of habeas corpus.  Judge Sedillo certified that Gulas was informed of these rights during his

---

[1]The Court does not consider "unlawful detention" to be a cause of action distinct from false imprisonment.

court appearance.  Gulas never demanded formal extradition, and he did not petition for writ of habeas corpus.  He admitted in open court that the State of California had a criminal proceeding pending against him, charging him with stalking with intent to cause fear, vandalism, and violation of court order.  [Doc. 70, Ex. A].

In waiving extradition, Gulas consented to being detained for a period of thirty days.  18 U.S.C. § 3182; NMSA (1978) § 34-1-15.  Furthermore, Gulas was transferred to California from the CCA facility before the thirty day period expired.  He asserts, however, that the Waiver of Extradition which he signed did not constitute his consent to be held for any longer than 12 days. He states that Judge Sedillo promised that he would be released if California did not extradite him within 12 days and argues that he "did not consent to be detained beyond the date set by Judge Sedillo."  [Doc. 80, at 4].[2]

Judge Sedillo did not set any date for Gulas's release in the Waiver of Extradition.  Rather, the judge signed a certification that he informed Gulas of his right to formal extradition and his right to file for habeas corpus.  Gulas signed a Waiver of Extradition, not an agreement to be held for any particular period.  Gulas's alleged subjective belief that he could only be detained for a maximum period of 12 days, an assumption not memorialized in the Waiver nor otherwise documented, does not serve to truncate the 30-day period, a period which had not expired at the time Gulas was transferred out of the CCA facility.

As noted above, in order to state a plausible claim for false imprisonment, plaintiff must

---

[2]Gulas also makes an allegation in the complaint that, on April 29, 2003, he "signed an agreement to be extradited to California within 10 days in disposition of the body attachment issued by Sacramento County."  [Doc. 75, at ¶13].  This is the date on which he signed the Waiver of Extradition, and the Court assumes that it is that Waiver to which Gulas refers in this somewhat unintelligible allegation.

allege that the defendant detained him without his consent, while knowing it did not have lawful authority to do so.  Gulas does not allege such knowledge on the part of Defendants Blair and CCA, and the facially valid Waiver of Extradition, with no explicit expiration date nor promise of release within a set number of days, demonstrates that any such allegation would fail the Twombly plausibility test.  *See*, Scull v. New Mexico, 236 F.3d 588, 596 (10th Cir. 2000) (an official may reasonably rely on a facially valid extradition waiver).

The Court therefore overrules Gulas's objections to the Magistrate Judge's recommendation that his claims for false imprisonment against Blair and CCA be dismissed.

### Order

IT IS THEREFORE ORDERED that the Magistrate Judge's Analysis and Recommended Disposition [Doc. 73] is adopted by the Court.

IT IS FURTHER ORDERED that the Motion to Dismiss Defendant Lane Blair and Any Cause of Action for Unlawful Detention / False Imprisonment [Doc. 60], filed herein by Defendants Lane Blair and Corrections Corporation of America, is granted.

IT IS FURTHER ORDERED that all claims against Defendant Lane Blair asserted in the Fourth Amended Complaint are dismissed without prejudice, other than the claims for wrongful detention or false imprisonment which are hereby dismissed with prejudice.

IT IS FURTHER ORDERED that Plaintiff's claims for wrongful detention or false imprisonment asserted in the Fourth Amended Complaint against Defendant Corrections Corporation of America are dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE