IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES CHRISTOPHER GULAS,

        Plaintiff,

v.                                                                     No. CIV 06-340 JH/LFG

DARREN WHITE, Sheriff of
Bernalillo County, *et al.*,

        Defendants.

**MAGISTRATE JUDGE'S ANALYSIS
AND RECOMMENDED DISPOSITION**[1]

**Introduction**

THIS MATTER is before the Court on Defendant Corrections Corporation of America ("CCA")'s Motion to Dismiss [Doc. 79]. The motion is fully briefed. After careful consideration of the pertinent law and pleadings, the Court concludes that the motion to dismiss should be granted, with prejudice. If adopted by the District Court, the result of this ruling would be that Defendant CCA is dismissed from this action entirely.

---

[1]On August 15, 2008, the Honorable Judith Herrera issued an Order of Reference [Doc. 88] referring this motion to the undersigned magistrate judge to submit his analysis and recommendation for disposition, pursuant to 28 U.S.C.§ 636(b)(1)(B). **In accordance with 28 U.S.C. § 636(b)(1)(C), a party may file written objections to such findings and recommendations. Any such objections must be filed within ten (10) days after a party is served with a copy of these findings and recommendations if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.**

**Factual and Procedural Background**

The factual and procedural background of this case have been set forth in earlier Court orders and will be repeated herein only as necessary to this Motion.

Plaintiff Charles Christopher Gulas ("Gulas") alleges in his Fourth Amended Complaint that he was arrested on April 25, 2003 and brought before the state district court for arraignment. He signed an agreement to waive extradition and was thereafter housed in several different places of incarceration in New Mexico before being transferred to California. One of these places was the Torrance County Detention Facility ("TCDF") in Estancia, New Mexico. TCDF is owned and operated by CCA, a corporation doing business in New Mexico; business including the housing and detention of individuals charged with or convicted of crimes. Gulas remained in the TCDF for eight days.

CCA successfully brought an earlier Motion to Dismiss Gulas's claims against it based on false imprisonment and unlawful detention. Gulas also alleges that CCA subjected him to unconstitutional conditions of confinement at TCDF. He states that during the eight-day stay, he was "kept in isolation and was not given a shower or access to legal counsel." [Doc. 75, at 6]. CCA now brings this second Motion to Dismiss, arguing that Gulas fails to state a claim for constitutional violations with respect to the claims of isolation, lack of shower and lack of access to legal counsel.

**Discussion**

A. <u>Standards for Determining a Motion to Dismiss</u>

In considering a Rule 12(b)(6) motion to dismiss, the Court must accept all the well-pleaded allegations of the claim as true, "even if doubtful in fact," and must construe the allegations in the light most favorable to the claimant. <u>Bell Atlantic Corp. v. Twombly</u>, ___U.S. ___, 127 S.Ct. 1955, 1965 (2007); <u>Alvarado v. KOB-TV, L.L.C.</u>, 493 F.3d 1210, 1215 (10th Cir. 2007). However, the

Court "look[s] for plausibility in th[e] complaint." Twombly, *supra*, at 1970. To state a claim sufficient to survive a motion pursuant to Rule 12(b)(6), "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir .2008).

While Gulas began this case as a *pro se* litigant, he is now represented by counsel. Thus, the liberal construction afforded *pro se* complaints is not applicable here.

    B.  Constitutional Claims Based on Lack of Showers and Placement in Isolation

As noted above, Gulas contends that he was kept in isolation, and was not allowed to have a shower, during the eight days he remained at TCDF. Although the complaint is not clear on this point, Gulas appears to be raising Eighth Amendment-type claims of cruel and unusual punishment in connection with these allegations.

A pretrial detainee such as Gulas is not, technically, protected by the Eighth Amendment's prohibition against cruel and unusual punishment, as a detainee may not be "punished" at all prior to an adjudication of guilt. Detainees are instead protected under the Due Process Clause of the Fourteenth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). However, in determining whether a detainee's rights were violated, the Court applies an analysis identical to that applied in Eighth Amendment cases brought under Section 1983. Lopez v. LeMaster, 172 F.3d 756, 759 n.2 (10th Cir. 1999). Thus, references herein to Eighth Amendment rights are meant to refer as well to Gulas's rights under the Fourteenth Amendment.

"Prison officials are required to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." Barney v. Pulsipher, 143 F.3d 1299, 1310 (10th Cir. 1998), *citing* Farmer v. Brennan, 511 U.S. 825, 832-33 (1994). To establish a

3

violation of his Eighth Amendment rights, Gulas must make a two-part showing: (1) that the deprivation alleged was "sufficiently serious"; and (2) that the defendant prison officials were aware of and disregarded the excessive risk. Farmer v. Brennan, *supra*, at 834.

The first element is an objective one: "A prisoner must demonstrate that the deprivation was sufficiently serious in that a prison official's act or omission resulted in the denial of the minimal civilized measure of life's necessities." Grimsley v. MacKay, 93 F.3d 676, 681 (10th Cir. 1996), *quoting* Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The second element is subjective and requires a sufficiently culpable state of mind on the part of the defendant:

> [O]nly the unnecessary and wanton infliction of pain implicates the Eighth Amendment . . . . [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. [Internal punctuation omitted].

Farmer v. Brennan, *supra*, at 834, 837. The second element is not established merely by showing that the defendant should have known of the risk of harm. Barney v. Pulsipher, *supra*, at 1310.

In considering whether Gulas adequately alleges the first element, a sufficiently serious risk of harm, an important factor in determining whether conditions of confinement meet constitutional standards is the length of the incarceration. "Thus, a 'filthy, overcrowded cell and a diet of "grue" might be tolerable for a few days and intolerably cruel for weeks or months.'" Id., at 1311-12, *quoting* Hutto v. Finney, 437 U.S. 678, 686-87 (1978). In Barney, the Tenth Circuit noted several cases in which allegations of similar and far worse conditions fail to state a claim because of the brief nature of the incarceration." Id., at 1312.

1. *Lack of Showers*

Gulas alleges that he was not allowed to shower for the eight-day period during which he was held at TCDF. While not commendable, the lack of a shower for an eight-day period would not generally rise to the level of a constitutional violation. CCA cites numerous cases in its Motion to Dismiss holding that denial of a shower for periods of 10, 18-28, and even 36 days, does not, in and of itself, constitute cruel and unusual punishment. [Doc. 79, at 4 n.2]. Gulas does not provide any cases holding otherwise.

Given the short eight-day period at issue in this case, and without allegations special need, or of unsanitary conditions beyond the lack of a shower during that time period, Gulas fails to assert a compensable claim for violation of his right to "the minimal civilized measure of life's necessities." Rhodes v. Chapman, *supra*, at 347.

2. *Placement in Isolation*

Gulas also alleges that he was "kept in isolation" for eight days. He does not give any reason for this isolation. In order to state an Eighth Amendment claim based on prison segregation, a plaintiff must make a plausible allegation that the isolation posed a substantial risk of serious harm. Gulas does not make any allegation at all in this regard. Furthermore, Gulas does not state a due process claim for deprivation of a liberty interest by placement in segregation in the absence of any allegation that the segregation imposed "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

In addition to the above considerations, Gulas does not identify any individual who was allegedly responsible for the placement.[2] As *respondeat superior* is not a sufficient basis for liability

---

[2] While Gulas originally named Lane Blair as a defendant, Blair has been dismissed from this action. [Doc. 85]. In responding to the motion which resulted in dismissal of Defendant Blair, Gulas did not raise any issue as to Blair's alleged responsibility for placing him in isolation at TCDF nor did he argue that Blair should remain as a Defendant in the case on that basis.

under § 1983, Gulas would have to identify an official custom or policy of CCA that violated his constitutional rights. Monell v. Dep't of Social Services, 436 U.S. 658 (1978); Dubbs v. Head Start, Inc., 336 F.3d 1194, 1216 (10th Cir. 2003) (the Monell holding applies to private corporations performing governmental functions); Smedley v. Corrections Corp. of America, 175 Fed. Appx. 943, 946 (10th Cir. 2005) (the Monell holding applies to private companies operating correctional facilities).

Gulas has not identified any custom or policy instituted by CCA which caused him harm. While Gulas argues in his Response that CCA has a policy or custom of ignoring extradition law, his claims against CCA based on false imprisonment or unlawful detention have been dismissed from this lawsuit. There is no indication in the complaint, even after the appearance of counsel on Gulas's behalf and after four amended complaints, that Gulas intends to assert that CCA maintained a policy or custom of placing detainees in isolation, or failing to allow them to shower or bathe or exercise, or otherwise subjecting them to unconstitutional conditions of confinement.

As a means of salvaging his claim that the eight-day period of isolation was unconstitutional, Gulas states in his Response to the Motion to Dismiss that he was not allowed to exercise outside his cell during the eight days. He says he can simply amend his complaint again, and state a claim under the Eighth Amendment by including an allegation that he was deprived of adequate exercise during the eight days in question. [Doc. 83, at 5, 6]. He contends that, because no responsive pleading has been filed to the Fourth Amended Complaint, he can file yet another amended complaint without seeking Court approval. The Court rejects this argument.

FED. R. CIV. P. 15(a)(1) provides that a party may amend its pleading "once as a matter of course" before a responsive pleading is filed. This Rule means that Gulas "has a right to amend the pleading *one time* without seeking leave of court as long as the amendment occurs before a responsive pleading is served." Calderon v. Kansas Dep't of Soc. and Rehabiliation Servs., 181 F.3d 1180, 1185 (10th Cir. 1999) (emphasis added). *See also*, Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000), Alito, J.: "*After amending once* or after an answer has been filed, the plaintiff may amend only with leave of court or the written consent of the opposing party" (emphasis added)."

Thus, Gulas needs the Court's permission before filing any more amendments to his complaint. The Rule declares that, upon a request for such permission, "the court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). However, "[t]his policy is not limitless." Calderon, *supra*, at 1186.

CCA requests that any dismissal of the claims against it be with prejudice. The Court agrees that dismissal with prejudice is appropriate in this situation and that Gulas should not be permitted another opportunity to amend his complaint. In the first place, Gulas has not asked the Court for permission to amend. A "bare request in . . . response to a motion to dismiss" that plaintiff be given leave to amend the complaint is not sufficient to provide notice to the Court and the opposing party of the basis for the motion. Id.; Glenn v. First Nat'l Bank, 868 F.2d 368, 371 (10th Cir. 1989):

> Appellants next urge us to grant leave to amend as a matter of right after dismissal as a "request" therefor was made prior to the court's dismissal. We cannot agree. If Appellants' theory were to be adopted, the pleading phase of a lawsuit would never end. Such a practice would undermine the distinctions in Fed. R. Civ. P. 15 between "right" to amend and "leave" to amend, and plaintiffs' counsel would then have the right to amend indefinitely simply by including a "request to amend" in their response to a motion to dismiss.

7

Furthermore, even if Gulas had filed a formal motion to amend seeking to add a claim of lack of exercise, such a motion would be denied. Any deprivation of exercise during the eight-day period of confinement at TCDF was obviously known to Gulas at the time he filed his original complaint. He has had several opportunities to amend the complaint already and could have included this allegation, but he chose not to do so. As the Supreme Court points out, Rule 15 requires that although leave to amend should generally be freely given, courts do not abuse their discretion to permit yet another amendment in the case of "repeated failure to cure deficiencies by amendments previously allowed." Foman v. Davis, 371 U.S. 178, 182 (1962).

Finally, the Court finds that deprivation of exercise for an eight-day period, without allegation of special need or other deprivation, does not rise to the level of a "serious risk of harm" or denial of the minimal civilized measure of life's necessities.

Gulas fails to state a claim against CCA for unconstitutional conditions of confinement based on lack of showers, placement in isolation, or lack of exercise. He has already been given sufficient opportunity to amend the complaint, and further amendments will not be permitted.

B. Access to Counsel

Gulas also claims that CCA deprived him of his right to access to legal counsel during the eight days he was confined at TCDF. He does not elaborate on any requests or attempts he made to contact counsel during his confinement at TCDF. He states only that he was allowed to make one phone call during this time; he does not say to whom the call was made.

CCA notes in its Motion that it is unclear whether Gulas is alleging deprivation of access to counsel as part of his claim of an Eighth Amendment violation, or whether he is bringing this allegation under a claim of denial of his Sixth Amendment right to counsel in criminal proceedings. The Court finds no issue of a Sixth Amendment deprivation. Gulas does not explicitly raise a Sixth

Amendment claim in his Complaint and, in any event, he was represented by counsel during the court proceedings in which he signed a waiver of extradition. [*See* Doc. 73, at 9; Doc. 70, Ex. A]. In the waiver form, which was signed by Gulas, his attorney, the prosecutor, and the judge, he acknowledged that he had been informed of his right to legal counsel, his right to require issuance of a warrant of extradition, and his right to contest any such warrant of extradition through a writ of habeas corpus. He waived the right to formal extradition and the right to apply for habeas corpus.

To the extent Gulas claims that lack of access to an attorney constituted an unconstitutional deprivation of his access to the courts while incarcerated, he has failed to allege the requisite "relevant actual injury" caused by the lack of access. Lewis v. Casey, 518 U.S. 343, 351 (1996). Gulas was represented by counsel at the arraignment. He was advised of his right to counsel, his right to insist on formal extradition, and his right to apply for habeas corpus, and he waived these rights and agreed to be transferred to California.

Gulas states in the Response to the Motion to Dismiss that, after he was transferred to TCDF, "he was convinced that something was amiss" but "there was no access to a telephone and no access to an attorney to file a writ of habeas corpus." [Doc. 83, at 9]. The statement in his Response that he had "no access to a telephone" is directly contradicted by the allegation of his Complaint that he was "allowed to place a three minute phone call on the third day of his confinement at [TCDF]." [Doc. 75, at 6]. He doesn't he say how CCA interfered with his access to counsel. He doesn't state why he did not convey his request for counsel to whomever he spoke to during that three-minute phone call. And he does not allege that he ever requested access to an attorney during his time at TCDF. Without such a request, and with the fact that Gulas signed the Waiver of Extradition, CCA would have no reason to know, or even to suspect, that Gulas wanted to speak to a lawyer.

The Court finds that Gulas fails to state a claim against CCA for depriving him of his right to counsel or his right to access to the courts.

## Conclusion

Dismissal of all remaining claims against CCA, with prejudice, is appropriate in this case.

## Recommended Disposition

That Corrections Corporation of America's Motion to Dismiss [Doc. 79] be granted and all claims against this Defendant be dismissed with prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge