**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CHARLES CHRISTOPHER GULAS,

        Plaintiff,

v.                                                                                                No. CIV 06-340 JH/LFG

DARREN WHITE, Sheriff of
Bernalillo County, *et al.,*

        Defendants.

**ORDER ADOPTING MAGISTRATE JUDGE'S
ANALYSIS AND RECOMMENDED DISPOSITION
AND GRANTING DEFENDANT CCA'S MOTION TO DISMISS**

THIS MATTER came before the Court on the Magistrate Judge's Analysis and Recommended Disposition [Doc. 90], filed August 15, 2008, and on Plaintiff's Objections [Doc. 91] to the Analysis and Recommended Disposition, filed August 25, 2008. The Court conducted a *de novo* review of those portions of the Magistrate Judge's Analysis and Recommended Disposition to which Plaintiff objects. The Court overrules the objections and adopts the Magistrate Judge's recommendations.

The Magistrate Judge found that Plaintiff Charles Christopher Gulas ("Gulas") failed to state a claim against Defendant Corrections Corporation of America ("CCA") for constitutional deprivations based on lack of showers and placement in isolation during Gulas's eight-day period of detention at the Torrance County Detention Facility ("TCDF"). This finding was based on Gulas's failure to show a sufficiently serious risk, or a custom and policy of CCA's which caused

1

him harm due to lack of showers or placement in isolation for eight days. Although not included in any of the complaints filed by Gulas in this case, he argued in his briefing on the Motion to Dismiss that he was also denied an opportunity to exercise during the eight-day period. The Magistrate Judge found that this allegation had not been adequately pled, that Gulas did not appropriately seek permission to amend the complaint and, in any event, such an amendment would be futile as a lack of opportunity to exercise for eight days does not rise to the level of a serious risk of harm or denial of the minimal civilized measure of life's necessities.

The Magistrate Judge further found that Gulas failed to state a claim under either the Eighth Amendment or the Sixth Amendment for deprivation of his right to access to legal counsel during the eight-day stay at TCDF.

In his Objections, Gulas again argues that his "§ 1983 claim can be established as the constitutional violation arose as a result of CCA's policy or custom going outside the Extradition Act," and he states that the Magistrate Judge "did not address this argument in his haste to dismiss the action." [Doc. 91, at 4]. This is incorrect. In the Analysis [Doc. 90, at 6], the Magistrate Judge discussed Gulas's failure to identify any custom or policy of CCA's which caused him harm and noted further that any asserted policy of violating the Extradition Act is irrelevant, as all claims against CCA based on false imprisonment or unlawful detention were dismissed from this lawsuit when the Court granted CCA's earlier motion for partial dismissal [*see* Doc. 65]. The Court adopts the Magistrate Judge's finding that any asserted policy of violating the Extradition Act is not relevant to the claims that remain in this case after CCA's first Motion to Dismiss was granted.

The Court also adopts the recommendation that further amendment of Gulas's Fourth Amended Complaint, to include allegations of lack of exercise and custom and policy of violating the Extradition Act, not be permitted. A bare request in response to a motion to dismiss is not

sufficient to provide notice to the opposing party of the basis for the motion. Calderon v. Kansas Dep't of Soc. & Rehabilitation Svcs., 181 F.3d 1180, 1186 (10th Cir. 1999); Glenn v. First Nat'l Bank, 868 F.2d 368, 371 (10th Cir. 1989). In addition, Gulas's claims against CCA with respect to alleged violations of the Extradition Act have been dismissed from this case, and any allegation of a custom and policy of violating that Act is therefore irrelevant.

Gulas also objects to the Magistrate's ruling in a separate Order [Doc. 89], granting CCA's Motion for Protective Order. CCA asked the Court to stay the deadline by which it must respond to Plaintiff's discovery requests, until after resolution of CCA's current Motion to Dismiss. Gulas's attorneys assert that CCA did not confer with them before filing the Motion for Protective Order, as required by FED. R. CIV. P. 26(c), nor did CCA supply the requisite certification that counsel conferred with opposing counsel in an attempt to resolve the matter without resorting to the court. However, CCA states in its Motion for Protective Order that Plaintiff did not respond to CCA's attempts to ascertain whether the motion was opposed. [Doc. 87, at 1].

Although it would have been better litigation practice for CCA to file the certification described in Rule 26(c), lack of such certification is not fatal to the motion. The Court considered CCA's assertion that Gulas did not respond to its attempts to determine opposition; however, it is not clear at this point who did or did not attempt to contact whom, and whether or not anyone responded to such attempts. Nevertheless, the Magistrate Judge determined that the interests of judicial efficiency would best be promoted by granting the motion for a stay, and nothing has occurred in the interim to change that determination.

"Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984). This discretion includes issuing a protective order to avoid "undue burden or

3

expense" on the parties. Fed.R.Civ.P. 26(c); In re Standard Metals Corp., 817 F.2d 625, 628 (10th Cir. 1987). The Magistrate Judge did not abuse his discretion in granting the request for a protective order and staying CCA's obligation to respond to Plaintiff's discovery requests until it could be determined whether CCA would continue as a Defendant in this case. The Court having found that Gulas failed to allege claims rising to the level of constitutional violations with respect to lack of showers, placement in isolation, lack of exercise, and lack of access to counsel at the TCDF facility, the Court will also dismiss the parties listed in the Complaint as "Unknown Correctional Officers of the Corrections Corporation of America." No further discovery from CCA is necessary.

## Order

IT IS THEREFORE ORDERED that Plaintiff's objections to the Magistrate Judge's Analysis and Recommended Disposition [Doc. 90] are overruled, and the Analysis and Recommended Disposition is adopted by the Court;

IT IS FURTHER ORDERED that Defendant Corrections Corporation of America's Motion to Dismiss [Doc. 79] is granted, and all claims against CCA are dismissed with prejudice;

IT IS FURTHER ORDERED that the parties listed as "Unknown Correctional Officers of the Corrections Corporation of America" are hereby dismissed from the action;

IT IS FURTHER ORDERED that the Plaintiff's objections to the Magistrate Judge's Order [Doc. 89] granting Defendants Corrections Corporation of America's Motion for Protective Order are overruled.

_____
UNITED STATES DISTRICT JUDGE