IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


CHARLES CHRISTOPHER GULAS,

        Plaintiff,

  vs.                                            No. CIV 06-340 JH/LFG

DARREN WHITE, Sheriff of Bernalillo County,
in his individual and official capacity; UNKNOWN
DEPUTIES OF THE BERNALILLO COUNTY
SHERIFF'S DEPARTMENT; UNKNOWN
CORRECTIONAL OFFICERS OF THE CITY
OF ALBUQUERQUE; and CORRECTIONAL
OFFICER HERNANDEZ OF THE CITY OF
ALBUQUERQUE, in his individual and official
capacity;

        Defendants.


**FINDINGS AND RECOMMENDED DISPOSITION
ON DEFENDANT DARREN WHITE'S MOTION
TO DISMISS ALL CLAIMS AGAINST HIM**[1]

THIS MATTER comes before the Court on the Motion to Dismiss All Claims Against Defendant White in Plaintiff's Fourth Amended Complaint [Doc. 92], filed by Defendant Darren White ("White") on August 29, 2008. This Motion was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B) [*see,* Doc. 95].

Plaintiff Christopher Gulas ("Gulas") did not file a Response designated as such. However,

---

[1] Within ten (10) days after a party is served with a copy of this legal analysis and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the analysis and recommendations. If no objections are filed, no appellate review will be allowed.

on September 12, 2008, within the time for responding to White's Motion to Dismiss, he filed a document titled "Memorandum in Support of Plaintiffs' [sic] Motion for Leave to Dismiss Remaining Claims Without Prejudice to Make Judgement [sic] Appealable." [Doc. 96]. This document was not titled nor docketed as a separate motion, and the Court will consider it to be a response to the instant motion. White filed his Reply [Doc. 100] on September 25, 2008, along with a Notice of Opposition [Doc. 102] to Gulas's request that all remaining claims be dismissed without prejudice. Briefing is now complete.

For the reasons given below, the Court recommends that White's Motion to Dismiss with prejudice be granted, and that Gulas's request that all remaining claims be dismissed without prejudice be denied.

**Discussion**

In considering a motion to dismiss, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007) (citation & internal punctuation omitted). Nevertheless, the complaint must plead sufficient facts that, when taken as true, provide "plausible grounds" that the case will yield evidence to support plaintiff's allegations. Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id..

If the allegations in a complaint, however true, can not raise a claim of entitlement to relief, "this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." Id., at 1966 (internal punctuation omitted). The plaintiff must "alleg[e] facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." Forest Guardians v. Forsgren, 478 F.3d 1149, 1160 (10th Cir. 2007).

*White's Motion to Dismiss With Prejudice*

White sets forth two grounds for his request that all claims against him be dismissed with prejudice. First, he argues that the only factual allegation against him in Gulas's Fourth Amended Complaint is based on supervisory liability without any assertion of personal participation, involvement or acquiescence on the part of White; thus, Gulas cannot maintain a claim against White under 42 U.S.C. § 1983.

Second, White argues that to the extent Gulas attempts to state a claim against him under the New Mexico Tort Claims Act, such claim is untimely as the events on which the Complaint is based occurred more than two years prior to the date the lawsuit was filed.

White also supplies the Affidavit of Bernalillo County Manager Thaddeus Lucero, who states that it was the City of Albuquerque, not Bernalillo County, which operated the Metropolitan Detention Center ("MDC") at the time of Gulas's incarceration, and that on the date of Gulas's arrest all MDC employees were employees of the City, not Bernalillo County. White's attorney says that on several occasions he attempted to have Gulas's attorney agree to dismiss the claims against White, Bernalillo County, and any employees of Bernalillo County based on non-involvement of these parties in the incidents surrounding Gulas's arrest, but he says that Gulas never responded to these requests. Therefore, White also asks that attorney fees be assessed against Gulas for bad faith.

In his Fourth Amended Complaint, Gulas named White in both his official and individual capacities. An official capacity claim against a county sheriff is in reality a suit against the county, and such a suit cannot be maintained without an allegation of county policy or custom which played a part in the violation of plaintiff's constitutional rights. Kentucky v. Graham, 473 U.S. 159, 166 (1985); Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978).

A municipality or county can be held accountable to a pretrial

3

> detainee for a due process violation resulting from an employee's acts only if the harmful acts resulted from a policy or custom adopted or maintained with objective deliberate indifference to the detainee's constitutional rights.

Aston v. Cunningham, No. 99-4156, 2000 WL 796086 at *3 (10th Cir. Jun. 21, 2000).

To the extent Gulas intends to sue White in his individual capacity, he must allege an "affirmative link" between the alleged constitutional deprivation and Sheriff White's personal participation, exercise of control or direction, or his failure to supervise. Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir. 1988); Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996). A claim against White based merely on the actions of his employees is not cognizable under Section 1983. Id. ("supervisor status by itself is insufficient to support liability"); Bennett v. Passic, 545 F.2d 1260, 1262-63 (1976); Harwick v. Anderson, No. 97-6390, 1998 WL 229751, at *2 (10th Cir. May 7, 1998) ("because plaintiff did not identify a specific defendant or defendants who personally participated in the alleged harm, he cannot maintain a cause of action against the sheriff individually based on respondeat superior liability").

Gulas makes no allegation of personal involvement of White in his Fourth Amended Complaint. Gulas alleges in the factual recitation portion of his Complaint that he "was taken into custody and detained by the Sheriff of Bernalillo County, New Mexico" [Doc. 75, at ¶ 13], but he does not state that Darren White himself was the officer who took him into custody. Rather, Gulas alleges, on belief, that "unknown deputies of the Bernalillo County Sheriff . . . carried out the unconstitutional and unreasonable detention of plaintiff . . . ." [Fourth Amended Complaint, Doc. 75, at ¶ 6].

Further, at ¶ 2 of the Fourth Amended Complaint, Gulas states that Darren White is employed as Sheriff of Bernalillo County and, as such, he "is in charge of law enforcement in the

4

County of Bernalillo and operates and directs the Bernalillo County Detention Center where plaintiff was placed in illegal detention and confinement." Thus, it appears that Gulas's claim against White in his individual capacity is based on a *respondeat superior* theory, which is impermissible under § 1983. In addition, there is no allegation of any policy, custom or practice on the part of the county which could support an official capacity claim.

The document which Gulas filed in response to White's Motion to Dismiss did not fill in these gaps, as it failed to discuss the issues of personal involvement or policy. Thus, White's contention that Gulas states no valid claim against him remains unanswered. In addition, while the Fourth Amended Complaint alleges, as noted above, that the Sheriff "operates and directs the Bernalillo County Detention Center where plaintiff was placed in illegal detention and confinement," Gulas contradicts himself later in the same Complaint when he alleges:

> The City of Albuquerque at all times material herein operated and directed the Bernalillo County Detention Center, where plaintiff was placed in illegal detention and confinement. In plaintiff's original complaint and in each amendment thereafter, plaintiff believed that the Bernalillo County Detention Center was operated and directed by the Sheriff of Bernalillo County and was unaware that defendant City of Albuquerque operated the Bernalillo County Detention Center.

Fourth Amended Complaint, Doc. 75, at ¶ 8.

The Court finds sufficient ground to dismiss all Section 1983 claims against Defendant White, as no personal involvement was alleged, no custom or policy was identified or asserted which caused the alleged constitutional deprivations, and because Gulas acknowledges at one point in his latest Complaint that the detention center was not operated by the Sheriff or Sheriff's Department. While the Court would ordinarily order dismissal without prejudice in such circumstances, Gulas has already had several opportunities to amend and it is apparent that, even at this late date, he continues to rely on *respondeat superior* for claims he attempts to assert against

White.  Thus, the Court recommends dismissal with prejudice.

With respect to White's second contention that Gulas's claims against him based on the NMTCA were untimely, Gulas again fails to discuss this issue in the document filed in response to the Motion to Dismiss, and this contention also remains unanswered.  White notes that although Gulas does not explicitly bring a claim under the NMTCA, he does refer to certain New Mexico statutes in his Complaint.  White contends that to the extent Gulas attempts to sue public officials under state law, he must comply with the restrictions of the NMTCA including the two-year statute of limitations.

Without deciding whether the Complaint adequately states a claim under the NMTCA, the Court agrees that Gulas did not file suit within the two-year period set forth in NMSA (1978) § 41-4-15(A), and any tort claims against White under state law should be dismissed with prejudice.

### *Gulas's Request to Voluntarily Dismiss Claims Without Prejudice*

As noted above, in response to White's Motion to Dismiss, Gulas filed a document titled "Memorandum in Support of Plaintiffs' [sic] Motion for Leave to Dismiss Remaining Claims Without Prejudice to Make Judgement [sic] Appealable" [Doc. 96].  In this document, Gulas asks the Court:

> for leave to dismiss the remaining claims in his lawsuit without prejudice in order to make the judgement [sic] of dismissal appealable. Following the court's order granting defendant CCA and Lane Blair's motions to dismiss related to Plaintiff's claims for false imprisonment and conditions of confinement, a federal court trial on the few remaining issues would not be an efficient use of time and resources, given the small amount of issues left for litigation.  Once all remaining claims are dismissed, a final judgment can be entered.

[Doc. 96, at 1].

Gulas cites FED. R. CIV. P. Rules 58 and 54(b), and case authority from the Ninth and Sixth

Circuits. While those circuits may permit plaintiffs to voluntarily dismiss certain claims without prejudice in order to make other claims appealable, the Tenth Circuit does not allow this, but rather holds that:

> A plaintiff cannot be allowed to undermine the requirements of Rule 54(b) by seeking voluntarily dismissal of her remaining claims and then appealing the claim that was dismissed with prejudice . . . . [W]hen a plaintiff voluntarily requests dismissal of her remaining claims without prejudice in order to appeal from an order that dismisses another claim with prejudice, we conclude that the order is not "final" for purposes of [28 U.S.C.] § 1291.

Cook v. Rocky Mountain Bank Note Co., 974 F.2d 147, 148 (10th Cir. 1992). *See also*, Amazon, Inc. v. Dirt Camp, Inc., 273 F.3d 1271, 1275 n.4 (10th Cir. 1992) ("we do not have jurisdiction over an appeal where the plaintiff causes a voluntary dismissal of pending claims to manufacture finality for a joined claim that was dismissed with prejudice"); Heimann v. Snead, 133 F.3d 767, 769 (10th Cir. 1998) ("Parties may not confer appellate jurisdiction upon us by obtaining a voluntary dismissal without prejudice of some claims so that others may be appealed").

In its previous orders dismissing particular claims or parties, the Court did not make the express determination under Rule 54(b) that there is no just reason for delay, and Gulas has never sought Rule 54(b) certification. The Court should therefore deny Gulas's attempt to "manufacture finality" by voluntarily dismissing all claims without prejudice in order to allow an appeal of claims that have been dismissed.

### *Attorney Fees*

White asks the Court to award him attorney fees and costs, based on Plaintiff's refusal to agree to dismiss White from the lawsuit in the face of evidence that the Bernalillo County Sheriff's Department and its employees had no involvement in the incidents underlying this suit. White asks the Court to exercise its inherent power to award attorney fees when a party acts in bad faith.

A court's inherent powers are "those which are necessary to the exercise of all others." Roadway Express, Inc. v. Piper, 447 U.S. 752, 764 (1980) (internal quotations omitted). A court has inherent power to impose a variety of sanctions on both litigants and attorneys in order to regulate its docket, promote judicial efficiency, and deter frivolous filings. Stafford v. C.I.R., 805 F.2d 895, 896 (10th Cir. 1986). However, "[b]ecause inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion." Roadway Express, at 764. In the exercise of its discretion, the Court finds that attorney fees are not warranted at this point.

Gulas began this case in *pro se* status and apparently assumed that the Bernalillo County Sheriff's Department operated MDC. Although the Court finds that Defendant White should now be dismissed from the case, White's inclusion appears to have been a mistake or incorrect assumption on the part of Gulas, at a time when he was operating in a *pro se* capacity. When counsel entered the case, perhaps they could and should have redrafted the Complaint and reconsidered the allegations against each Defendant. However, the Court finds that their failure to do so does not warrant imposition of attorney fees as a sanction at this time.

### *Current Status of the Case*

If this recommendation is adopted, Defendant White will be dismissed as a party. If that occurs, the remaining defendants in this lawsuit will be: Unknown Deputies of the Bernalillo County Sheriff's Department, Unknown Correctional Officers of the City of Albuquerque, and Correctional Officer Hernandez of the City of Albuquerque. None of these defendants has yet been served with process, and all of them remain unidentified.

Approximately one year ago, this Court was directed by the Tenth Circuit Court of Appeals to determine whether it can dismiss *sua sponte* all of Plaintiff's claims for failure to exhaust under

the Prison Litigation Reform Act (PLRA) and, if not, to consider whether Plaintiff's pleadings state a claim upon which relief can be granted and whether further amendment should be permitted. [*See*, Ex. A to Doc. 13]. The Court cannot make the PLRA determination nor proceed further in this case, until all parties are served and given an opportunity to be heard. Gulas is no longer proceeding *pro se*; it is his and his attorneys' duty to identify these persons so that the litigation may proceed.

As the Court noted in its July 2 Order, because Gulas was granted *in forma pauperis* status in this action, officers of the Court are required to issue and serve all process; however, they cannot serve unidentified persons, and plaintiff remains responsible for having the summons and complaint served within the time allowed by the federal rules.

The Court directed Gulas to identify these parties and notify the Court within 60 days. He has not done so, and that time has now expired. On September 25, 2008, Defendant White filed a Motion for Dismissal of all "unknown" defendants for Plaintiff's failure to identify these persons. [Doc. 99]. The time for responding to that motion has not yet expired, and the Court will consider it once it is fully briefed.

### Recommended Disposition

That Defendant Darren White's Motion to Dismiss all Claims Against Defendant White in Plaintiff's Fourth Amended Complaint [Doc. 92] be granted; that all claims against Defendant White be dismissed with prejudice; that Plaintiff's request that he be permitted to voluntarily dismiss all remaining claims in order to allow immediate appeal be denied; and that each party bear its own attorney fees.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge