IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES CHRISTOPHER GULAS,

      Plaintiff,

  vs.                                                                       No. CIV 06-340 JH/LFG

DARREN WHITE, Sheriff of Bernalillo County,
in his individual and official capacity; UNKNOWN
DEPUTIES OF THE BERNALILLO COUNTY
SHERIFF'S DEPARTMENT; UNKNOWN
CORRECTIONAL OFFICERS OF THE CITY
OF ALBUQUERQUE; and CORRECTIONAL
OFFICER HERNANDEZ OF THE CITY OF
ALBUQUERQUE, in his individual and official
capacity;

      Defendants.

## FINDINGS AND RECOMMENDED DISPOSITION ON DEFENDANT'S MOTION FOR DISMISSAL OF UNKNOWN DEFENDANTS[1]

THIS MATTER comes before the Court on the Motion by Defendant Darren White ("White") for Dismissal of "Unknown Deputies of the Bernalillo County Sheriff's Department" and All Other "Unknown" Defendants [Doc. 99], filed September 25, 2008. Plaintiff Charles Christopher Gulas ("Gulas") filed his Response [Doc. 105], and White filed a Reply [Doc. 106].

On October 3, 2008, United States District Judge Judith C. Herrera referred the Motion to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C.

---

[1] Within ten (10) days after a party is served with a copy of this legal analysis and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the analysis and recommendations. If no objections are filed, no appellate review will be allowed.

§636(b)(1)(B) [Doc. 104]. For the reasons given below, the Court recommends that the Motion for Dismissal of Unknown Defendants be granted, and that this case be dismissed.

On July 2, 2008, after Gulas filed his Fourth Amended Complaint, the Court entered an Order Dismissing Certain Claims, Directing Service of Process, Striking Duplicate Party, and Clarifying Status of Recommended Disposition [Doc. 77]. In that Order, the Court noted that although Gulas's *in forma pauperis* status requires that officers of the Court must issue and serve process, 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3), nevertheless, Plaintiff is responsible for ensuring that the summons and complaint are served within the time allotted by Rule 4(m). That responsibility includes identifying the correct individuals and entities against whom suit is brought. The Court cannot do this for him.

In his Response to the Motion, Gulas says that he has been unable to identify the unknown defendants, because the Court issued two protective orders staying discovery pending various motions to dismiss. But Gulas and his attorneys have an obligation to make "an inquiry reasonable under the circumstances" to ensure that the factual contentions they make in their complaint have evidentiary support or, "if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . ." FED. R. CIV. P. 11(b)(3). The Court finds that they failed to fulfill this obligation.

The Court also notes that after issuance of the protective orders, Gulas could have submitted a FED. R. CIV. P. Rule 56(f) affidavit, <u>Ben Ezra, Weinstein, & Co. v. America Online, Inc.</u>, 206 F.3d 980 (10th Cir. 2000), to request specific discovery. He failed to do so and failed to make any further request for discovery.

Gulas did not state actionable claims against Defendants Lane Blair, Corrections Corporation of America, Unknown Officers of the Corrections Corporation of American, the Bernalillo County

Detention Center, and the City of Albuquerque, and those parties have been dismissed from this action. [Docs. 77, 85, 94]. If the District Judge adopts the Findings and Recommendations [Doc. 103] with respect to Defendant Darren White's Motion to Dismiss, White will also be dismissed as a Defendant herein.

Gulas acknowledges at one point in his Fourth Amended Complaint that he learned after filing his initial complaint that it was the City of Albuquerque that operated the Metropolitan Detention Center at the time of his incarceration, not Defendant White and the Sheriff's Department. [Doc. 75, at ¶ 8]. An error of this sort may be understandable and is not necessarily sufficient to warrant sanctions. However, when combined with multiple other errors of pleading and examples of allegations brought against parties which should not have been named, the Court can only conclude that Plaintiff failed to conduct adequate investigation of the facts and law prior to filing this complaint, in violation of Rule 11.

One year ago, this Court was directed by the Tenth Circuit to conduct an evidentiary hearing on the issue of whether Gulas was or was not incarcerated at the time he filed his complaint. The Court has been unable to fulfill this obligation, because the proper parties have not been brought into this lawsuit. As early as his first complaint, which was filed on April 24, 2006, Gulas alleged that unknown persons violated his constitutional rights, and that these violations took place in April of 2003. He had ample time both before and after he filed his complaint, up until the time that the Court granted the two motions for protective orders, to identify these unknown persons.

If Gulas named the wrong parties or asserted unsupportable legal claims against named parties, the Court cannot supply these missing elements for him. He is no longer proceeding *pro se*. At least since the 2000 amendments to Rule 26, it is not acceptable practice for a plaintiff to make allegations in a complaint without first conducting factual investigation to ascertain the proper

parties, and expect to rely on discovery to expand the claims or identify parties against whom the claims should have been brought. *See*, FED. R. CIV. P. 26 advisory committee's note (2000).

The Court finds that the failure to make the requisite identifications is the fault of Plaintiff and his attorneys and is the result of their failure to make adequate investigation, rather than the result of the Court's protective orders. Gulas and counsel were directed by the Court to identify these parties by September 2, 2008, and they were warned that failure to do so could result in these unknown persons being dismissed from the case. Gulas did not comply with this order. The Court concludes that dismissal of all parties designated as "unknown" is now warranted. If this recommendation is accepted, the entire complaint will be dismissed and judgment will be entered in favor of all defendants herein.

### Recommended Disposition

That Defendant White's Motion for Dismissal of "Unknown Deputies of the Bernalillo County Sheriff's Department" and All Other "Unknown" Defendants [Doc. 99] be granted, and that this case be dismissed.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge