IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES CHRISTOPHER GULAS,

      Plaintiff,

  vs.                                        No. CIV 06-340 JH/LFG

DARREN WHITE, Sheriff of Bernalillo County,
in his individual and official capacity;
UNKNOWN DEPUTIES OF THE BERNALILLO
COUNTY SHERIFF'S DEPARTMENT;
UNKNOWN CORRECTIONAL OFFICERS OF
THE CITY OF ALBUQUERQUE; and
CORRECTIONAL OFFICER HERNANDEZ
OF THE CITY OF ALBUQUERQUE,
individually and in his official capacity,

      Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDED DISPOSITION AND DISMISSING ALL CLAIMS AGAINST DEFENDANT DARREN WHITE

THIS MATTER comes before the Court on the Magistrate Judge's Findings and Recommended Disposition [Doc. 103] regarding Defendant Darren White ("White")'s Motion to Dismiss all Claims Against Him [Doc. 92]. The Motion was referred to a Magistrate Judge, who entered Findings and Recommended Disposition on October 2, 2008. Plaintiff Charles Christopher Gulas ("Gulas") filed Objections [Doc. 108] to the recommendation on October 10, 2008.

The Court conducted a *de novo* review of those portions of the Magistrate Judge's findings and recommended disposition to which Plaintiff objects. The Court overrules the objections and adopts the Magistrate Judge's recommendations.

Rather than file a direct response to White's Motion to Dismiss, Gulas filed a document titled

"Memorandum in Support of Plaintiffs' [sic] Motion for Leave to Dismiss Remaining Claims Without Prejudice to Make Judgement [sic] Appealable." The Magistrate Judge considered this as a Response to the Motion to Dismiss. Defendant White thereafter filed a Reply, along with a Notice of Opposition to Gulas's request for leave to dismiss. Gulas states no opposition to the treatment of his "Memorandum" as a Response.

In the Objections, Gulas does not contest the Magistrate Judge's finding that the only factual allegation against White in the Fourth Amended Complaint is based on supervisory liability without any assertion of personal participation, involvement or acquiescence on his part. Nor does Gulas object to the finding that the Fourth Amended Complaint fails to allege a policy or custom which contributed to any violation of Gulas's constitutional rights. The Court therefore adopts the finding and recommendation that Gulas fails to state a claim against White, in either his official or individual capacities, under Section 1983. In addition, Gulas does not object to the finding that any claims against White based on the New Mexico Tort Claims Act are untimely, and the Court also adopts the Magistrate Judge's findings in that regard.

The Magistrate Judge also recommended denial of Gulas's request to voluntarily dismiss his remaining claims without prejudice in order to allow an immediate appeal. The Court adopts this recommendation, as it is clear that voluntary dismissal for such purpose is not allowed in this Circuit. Cook v. Rocky Mountain Bank Note Co., 974 F.2d 147 148 (10th Cir. 1992).

In his Objections, Gulas states that he has been unable to conduct any investigation because he was prohibited from engaging in discovery from the defendants he did name, as a result of protective orders issued by the Court. He says that "[w]ithout the ability to obtain discovery, Plaintiff is unable to flush [sic] out the general allegations of the complaint." [Doc. 108, at 2]. Subsequent to the Court's issuance of the protective orders [*see* Docs. 89, 98], Gulas could have

2

filed a FED. R. CIV. P. 56(f) affidavit, requesting specific discovery. *See*, Ben Ezra, Weinstein, & Co. v. America Online, Inc., 206 F.3d 980, 983-84 (10th Cir. 2000). Had Gulas met the Ben Ezra requirements, a narrowly tailored discovery order could have issued. Maxey ex rel. Maxey v. Fulton, 890 F.2d 279, 282-83 (10th Cir. 1989). However, no Rule 56(f) affidavit was filed nor was there any other request for limited discovery.

When Gulas filed his initial complaint, he was proceeding *pro se*. By the time he filed his Fourth Amended Complaint, he had retained counsel. It appears, however, that he was aided by counsel from the beginning, as the Fourth Amended Complaint differs little from those that preceded it. The Court does not accord liberal construction to pleadings submitted by counsel. Furthermore, the complaint must plead sufficient facts that, when taken as true, provide "plausible grounds" that the case will yield evidence to support plaintiff's allegations. Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id., at 1964. The plaintiff must "alleg[e] facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." Forest Guardians v. Forsgren, 478 F.3d 1149, 1160 (10th Cir. 2007).

Gulas has had ample opportunity to plead his case, and the Fourth Amended Complaint simply fails to state a claim against Defendant White. It does not include sufficient allegations of personal involvement or custom and policy to support a claim against him. In addition, White maintained from the beginning that it was not the Bernalillo County Sheriff's Department that operated the Metropolitan Detention Center at the time of Gulas's incarceration, but rather the City of Albuquerque. Gulas now acknowledges that the City of Albuquerque was the actual entity in charge of the detention center at the relevant times. [Doc. 75, at ¶ 8].

The 2000 amendments to Rule 26 narrowed the allowable scope of discovery so that, in

3

general, "parties have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." FED. R. CIV. P. 26 advisory committee's note (2000). Thus, a plaintiff must first perform at least minimal factual investigation to ascertain whether there are plausible grounds for bringing a claim against a defendant; he may not simply file a complaint which makes vague allegations and expect to broaden the scope of the lawsuit through discovery directed at parties haphazardly named.

In sum, the Court overrules Gulas's objections and grants Defendant White's motion to dismiss.

### **Order**

IT IS THEREFORE ORDERED that the Magistrate Judge's Findings and Recommended Disposition [Doc. 103] is ADOPTED by the Court.

IT IS FURTHER ORDERED that the Motion to Dismiss All Claims Against Defendant White in Plaintiff's Fourth Amended Complaint [Doc. 92] is GRANTED, and the complaint is dismissed with prejudice as to any and all claims against Defendant White.

IT IS FURTHER ORDERED that Plaintiff's request that he be permitted to voluntarily dismiss all remaining claims, in order to allow immediate appeal, is DENIED.

IT IS FURTHER ORDERED that Defendant White's request for attorney fees is DENIED.

_____
UNITED STATES DISTRICT JUDGE